UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TERRANCE LAMONT FIELDS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:16 CV 66 RWS |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion by Petitioner Terrance Fields to vacate his sentence under 28 U.S.C. § 2255. Fields asserts that, under Johnson v. United States, 135 S. Ct. 2551 (2015), he is no longer subject to an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"). Respondent United States of America opposes the motion, arguing that Johnson does not entitle Fields to relief. For the reasons that follow, I will deny Fields' motion.

*Background*

On March 28, 2006, Fields pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his plea agreement and at his change of plea hearing Fields acknowledged that he was an armed career criminal subject to a minimum sentence of fifteen years imprisonment. On January 16,

1

2007, at Fields' sentencing hearing, it was deemed that Fields was an armed career criminal under the ACCA. The following three predicate convictions for ACCA purposes were identified in Fields' Presentence Report ("PSR") at the time of sentencing:

    (i)    Felony Second Degree Robbery, September 9, 1981, Circuit Court of Dunklin County, Missouri, Case. No. 448595;

    (ii)    Felony Offering Violence to an Officer of a Correctional Institution, April 29, 1983, Circuit Court of Cole County, Missouri, Case No. CR 382-1071 FX; and

    (iii)    Felony Distribution of a Controlled Substance Near a School, September 4, 1998, Circuit Court of St. Louis, Case No. 971-0004008.

As a result, I sentenced Fields to a term of imprisonment of 188 months.

On April 1, 2016, Fields filed a petition to vacate, set aside or correct sentence under 28 U.S.C. §2255. Fields argues that the decision in Johnson opens the door to allow him to challenge his second degree robbery conviction as a predicate offense for his classification as an armed career criminal.

*Legal Standard*

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

2

The petitioner bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). The United States must prove at sentencing, by a preponderance of the evidence, that the defendant has qualifying ACCA offenses. United States v. Thornton, 766 F.3d 875, 878 (8th Cir.2014). To be entitled to relief under Johnson, the petitioner must show by a preponderance of the evidence that the was sentence pursuant to the residual clause of the ACCA. Walker v. United States, 900 F.3d 1012, 1015 (8th Cir. 2018).

*Analysis*

***The ACCA and Johnson***

Ordinarily, the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of ten years. 18 U.S.C. § 924(a). The ACCA requires a fifteen-year minimum sentence enhancement if a person who violates Section 922(g) has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The Johnson court invalidated the italicized portion of the statute, commonly known as the "residual clause." *See* Johnson, 135

S. Ct. at 2556-57.  The other clauses, Section 924(e)(2)(B)(i) (the "elements clause"), and the first portion of Section 924(e)(2)(B)(ii) (the "enumerated offenses clause"), remain in effect.  <u>Id.</u> at 2563.  The Supreme Court subsequently confirmed that <u>Johnson</u> announced a new substantive rule which applies retroactively to cases on collateral review.  See <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

### *<u>Johnson</u> Relief is not Available to Fields*

Fields asserts that he is entitled to relief under the ruling in <u>Johnson</u>.  But that ruling only provides relief to defendants who were found to be armed career criminals based on the ACCA's residual clause.  Nothing in the record in this case indicates that Fields was sentenced as an armed career criminal under the residual clause of 18 U.S.C. § 924(e)(1).  It is Fields' burden to establish that he was sentenced under the residual clause of the ACCA.

Even if Fields could meet that burden his petition would still be denied.  When a defendant has three qualifying convictions under the ACCA any error in sentencing under the residual clause is deemed harmless error.  <u>Garcia-Hernandez v. United States</u>, 915 F.3d 558, 560 (8th Cir. 2019);  <u>Lofton v. United States</u>, 920 F.3d 572, 574–75 (8th Cir. 2019) ("If the sentencing court likely relied upon the residual clause, but the conviction qualifies as a violent felony under current law, resentencing is not required because any error by the sentencing court would be harmless.").

The sole ground that Fields raises for relief is that his Missouri conviction for second-degree robbery under section 569.030 R.S.Mo. is not a predicate ACCA offense. However, the United States Court of Appeals for the Eighth Circuit has held otherwise. In United States v. Swopes, 886 F.3d 668 (8th Cir. 2018), the Eighth Circuit, en banc, held that Missouri second-degree robbery is a violent felony under the elements clause of the ACCA. Id. at 671 (overruling the decision in United States v. Bell, 840 F.3d 963, 964 (8th Cir. 2016) which found that Missouri second-degree robbery was not a "crime of violence" under the United States Sentencing Guidelines).

As a result, Fields' claim for relief based on a challenge to his Missouri second-degree robbery conviction is without merit and will be denied.

### *Certificate Of Appealability*

For this Court to grant a certificate of appealability, Fields must make a substantial showing that his constitutional right was denied. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Id. For the reasons set forth above, I find Fields has not made such a showing. As such, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Terrance Lamont Fields motion to vacate under 18 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** this court will not issue a certificate of appealability.

An appropriate judgment will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2019.